IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

☐ ORIGINAL

Olakunle Sahu

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Kingsbrook Jewish Medical Center

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. CV 17 - 4535
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☐ No
*(check one)*



RECEIVED
JUL 27 2017
PRO SE OFFICE

MAUSKOPF, J.

BLOOM, M.J.

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Olakunle Saliu
   Street Address: 1308 Schenectady Avenue
   City and County: Brooklyn (Kings County)
   State and Zip Code: New York 11203
   Telephone Number: (917) 620-4176
   E-mail Address: olakunle.saliu@gmail.com

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
       Name: Kingsbrook Jewish Medical Center
       Job or Title (if known):
       Street Address: 585 Schenectady Avenue
       City and County: Brooklyn (Kings County)
       State and Zip Code: New York 11203
       Telephone Number: (718) 604-5211 / (718) 604-5038
       E-mail Address (if known):

   Defendant No. 2
       Name:
       Job or Title (if known):
       Street Address:
       City and County:

2

State and Zip Code  _____

Telephone Number  _____

E-mail Address  _____
(if known)

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

Name: Kingsbreck Jewish Medical Center
Street Address: 585 Schenectady Avenue
City and County: Brooklyn (Kings County)
State and Zip Code: New York  11203
Telephone Number: (718) 604-5038 / (718) 604-5211

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

2

☐ Other federal law *(specify the federal law)*: _____

☐ Relevant state law *(specify, if known)*: _____

☐ Relevant city or county law *(specify, if known)*: _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☒ Termination of my employment.
☐ Failure to promote me.
☐ Failure to accommodate my disability.
☒ Unequal terms and conditions of my employment.
☒ Retaliation.
☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) May 28, 2015 – October 28, 2015; October 30, 2015; November 13, 2015

4

C. I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me.
☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒ race __African American__
☐ color _____
☐ gender/sex _____
☐ religion _____
☐ national origin _____
☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☐ disability or perceived disability *(specify disability)*
_____

E. The facts of my case are as follows. Attach additional pages if needed.

__Please see attached pages 1-2__

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

5

IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

August 23rd 2016

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.
☑ issued a Notice of Right to Sue letter, which I received on *(date)*

April 29th 2017

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see attached page 3

6

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 28, 2017.

Signature of Plaintiff: [signed]
Printed Name of Plaintiff: Olakunle Saliu

7

EEOC Form 161 (11/16) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Olakunle Saliu<br>1308 Schenectady Avenue<br>Brooklyn, NY 11203 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2016-04129 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____    April 25, 2017
Kevin J. Berry,                   *(Date Mailed)*
District Director

Enclosures(s)

cc:
Attn: Director of Human Resources
**KINGSBROOK JEWISH MEDICAL CENTER**
585 Schenectady Avenue
Brooklyn, NY 11203

Olakunle Saliu v. Kingsbrook Jewish Medical Center

E. The facts of my case are as follows:

I was hired as the Employee and Labor Relations Manager at Kingsbrook Jewish Medical Center in January 2013. Throughout the entirety of my employment I never received a single negative evaluation, discipline or even a warning. On May 28th, I was informed by John McKeon and Tonya Richards that Elise Conway, who had been the NYSNA Labor Relations Representative for approximately 11 years, had announced her retirement effective June 28th 2015; and that effective the same day, I would be responsible for the NYSNA Labor Relations function. I requested, amongst other things, formal training and a salary adjustment to compensate for the added responsibilities. Moreover, Ms. Conway, who is Caucasian-American, had been earning twice my wage rate while performing largely the same function as I since I had first been employed at Kingsbrook; **and** a few weeks prior, a co-worker (also Caucasian American), who had taken on some of Ms. Conway's other responsibilities had received a raise after assuming the new function. However, I was denied both despite raising these concerns on no fewer than three (3) separate occasions.

During this same timeframe (April-June 2015), Julianne Rich (Caucasian-American) was a manager in the Human Resources Department, was assigned a portion of Ms. Conway's responsibilities prior to Ms. Conway's retirement. Upon the transition of responsibilities, which took place in April 2015, Ms. Rich received orientation and training for her new functions and also received a substantial wage increase account for the her new responsibilities.

During this same timeframe (April-June 2015), Boaz Heifetz (Caucasian-American), a manager in the Human Resources Department, was assuming his new role as the Benefits Manager. He received training and guidance, on demand, as he received new responsibilities. In fact, Mr. McKeon personally trained and scheduled third-party consultants to train him in his new role.

Mr. McKeon knowingly denied me the same or equal benefits/privileges and terms and conditions of my employment as he did with other similarly situated Caucasian-American employees in the Human Resources department. Moreover, despite the fact that I was assuming exactly the same role/function as Elise Conway (Caucasian American), Mr. McKeon refused to

1

afford me similar or equal pay. This disparate pay practice had been long-standing, but more blatant at this point as I was taking over her position and being paid half of what she was earning to do the same job.

On October 14th 2015, I wrote a complaint letter to Tonya Richards and requested a formal meeting to discuss my concerns with the terms and conditions of my employment. Ms. Richards agreed to the meeting, which was scheduled for October 14. Shortly after being informed about my complaint, the meeting was "postponed" and to be rescheduled. Two weeks after submitting my complaint letter and receiving no response, I was called into Mr. McKeon's office and summarily terminated by Mr. McKeon based on the sheer pretextual reasons ("unsatisfactory performance").

As mentioned earlier, I had never received a single negative evaluation, discipline, or even a warning. Mr. McKeon proceeded to deny me my right to progressive discipline, a grievance or an opportunity to address the alleged "performance issues" through a remediation plan- as were my rights according to the terms and conditions of my employment. However, between May 2014 and January 2016, on no fewer than seven (7) separate occasions, Mr. McKeon and the Medical Center afforded no fewer than seven (7) managers the same employment rights and privileges that I was denied, when those managers face the same or similar alleged performance issues. Each of those managers was Caucasian American. Furthermore, many of the alleged "issues" that precipitated my termination had been repeatedly committed by Elise Conway (Caucasian American), who directly reported to Mr. McKeon as well; however, there was never any employment action taken against her. This was blatant, disparate treatment.

Notwithstanding all the inferences of discrimination, the accusations made by Mr. McKeon were completely baseless- yet I was still denied my rights. I believe that I was treated unequally in the terms and conditions of my employment by Mr. McKeon and Kingsbrook Jewish Medical Center on the basis that I am an African American male.

## V. Relief

I am requesting that the court award a total of $~~125,000.00~~ of $155,041.00 to cover back-pay, pay differential, punitive damages, and unpaid OT.

| | | |
|---|---|---|
| Lost wages/Back-pay | - | $102,141.00 |
| Pay differential | - | $35,000.00 |
| Punitive Damages | - | $10,000.00 |
| Unpaid OT | - | $7,900.00 |

I am owed lost wages for the period of time seventeen (17) months I was unemployed due to a wrongful termination. I am owed the pay differential or equal pay for equal work for the six (6) months that I was responsible for Elise Conway's responsibilities yet compensated at half her wage rate. I believe that I owed punitive damages for the pain and suffering I endured **and** because this was a willful and wanton act by Mr. McKeon and the Medical Center. Mr. McKeon was the Vice-President of Human Resources and was well aware that his practices were discriminatory- yet he continued to engage in them despite my complaints. I believe that I am owed significant overtime pay. Although I was exempt, this was a benefit that was afforded on a disparate and discriminatory basis.